MARION FRANCES MELANCON                         CIVIL ACTION

VERSUS                                          NO. 19-9721

CARNIVAL CORPORATION D/B/A                      SECTION: B(5)
CARNIVAL CRUISE LINE, CARNIVAL
DREAM, AND ABC INSURANCE COMPANY

## ORDER & REASONS

Before the Court are: (1) defendants Carnival Corporation and the Carnival DREAM's ("Carnival") motion to dismiss for failure to state a claim, or alternatively to transfer venue (Rec. Doc. 6); (2) plaintiff Marion Frances Melancon's opposition (Rec. Doc. 10); and (3) defendants' reply memorandum in support of dismissal (Rec. Doc. 19). Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss (Rec. Doc. 6) is **GRANTED**, and the alternative transfer request is moot.

**FACTS AND PROCEDURAL HISTORY**

This is a case of admiralty and maritime jurisdiction, arising under the General Maritime Law of the United States. Rec. Doc. 1 at ¶ 3. Plaintiff Marion Melancon is a resident of Louisiana and domiciled in the Parish of East Baton Rouge. Rec. Doc. 1 at ¶ 2. Defendant Carnival Corporation is domiciled in Florida. *Id.*

Plaintiff is "deaf, mute, visually impaired, and functionally illiterate . . ." and communicates primarily through American Sign Language ("ASL"). *Id*. at ¶ 10; *see also* Rec. Doc. 10 at 3. Shortly after boarding the Carnival Dream cruise ship (the "Dream") on April 24, 2016, plaintiff slipped and fell on the deck of the Dream, while the ship was at port in New Orleans, Louisiana. Rec. Doc. 1 at ¶ 4, 5. Plaintiff alleges that this fall was caused by a "foreign substance" on the deck of the Dream. *Id.*

Plaintiff claims that as a result of her alleged slip and fall that she suffered injuries to her leg and hip, which required surgical procedures. *Id*. at ¶ 6. Plaintiff further alleges that her alleged injuries "continue to cause plaintiff great pain and physical suffering, as well as mental suffering . . ." *Id*.

Plaintiff alleges that defendants have a duty to provide a seaworthy vessel to its passengers, as contemplated under the General maritime Law of the United States, and to keep the deck safe for normal use by passengers of the Dream. *Id*. at 7. Plaintiff also avers that the cause of her injuries and disability was due to the negligence of defendants in failing to: (1) maintain the premises in a safe condition; (2) warn of the unreasonably unsafe condition; (3) adequately inspect the premises; (4) provide an interpreter or services, as required by the Americans with Disabilities Act; and (5) failure to meet the proper standard of care. *Id*. at ¶ 8.

Plaintiff filed her complaint on April 24, 2019. Rec. Doc. 1. Defendants answered the complaint with the instant motion to dismiss, contending that plaintiff has failed to bring suit within the stipulated period in the Ticket Contract. Rec. Doc. 6. Defendant further contends that, should this case not be dismissed, it should be transferred to the Southern District of Florida, pursuant to the forum selection clause in the Ticket Contract. Plaintiff has filed an opposition to the motion to dismiss contending that she lacked the requisite capacity to consent to the terms of the Ticket Contract (Rec. Doc. 10) and defendants filed a reply to plaintiff's opposition (Rec. Doc. 19).

**LAW AND ANALYSIS**

**A. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 556 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Evidence Attached to Motions to Dismiss**

This Court declines to consider several of defendants' attached exhibits to their 12(b)(6) motion to dismiss for failure to state a claim. It is well-established that in deciding whether to grant a motion to dismiss, a district court may not "go outside the complaint." *See, e.g., Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir.2003). If a district court considers other information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir.2004). However, "[d]ocuments that a defendant attaches to a motion to dismiss are

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)(citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also consider matters of public record, and information subject to judicial notice when analyzing a motion to dismiss for failure to state a claim. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

This Court declines to consider defendant Carnival's website, the declaration attached as exhibit A, or the Cruise Contract Acceptance Report attached as exhibit B, as they are not matters of public record, nor are they able to be considered under the doctrine of judicial notice. Fed. R. Evid. 803(8) defines a public record as "[a] record or statement of a public office." Clearly, Carnival's website, Ticket Acceptance documentation, and declaration, are not statements from a public office, subject to any of the conditions set out in Fed. R. Evid. 803(8).

Further, the Court will not take judicial notice of the above noted exhibits, as it is not permitted to do so. A court may take judicial notice of a known adjudicative fact, "if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)(quoting Fed. R. Evid. 201(b). This Court cannot determine that the accuracy of the above-mentioned sources beyond question, and therefore declines to consider them.

However, the Ticket Contract attached to defendants' motion will be considered by this Court as it is directly referenced in plaintiff's complaint and central to the issues in this case. Rec. Doc. 1 at ¶ 10 ("Plaintiff further avers that the venue and arbitration clauses contained within the *boarding pass / cruise contract* supplied to plaintiff by defendant is (sic) invalid and unenforceable . . .")(emphasis added). The court will consider plaintiff's complaint and the Ticket Contract attached to defendants' motion to dismiss without converting the motion to a motion for summary judgment. The aforementioned remaining exhibits shall not be considered by this Court when analyzing this 12(b)(6) motion for failure to state a claim.

**C. General Maritime Law Governs the Formation of the Contract**

The pertinent issue in this matter is whether plaintiff Frances Melancon possessed the capacity to enter into the Ticket Contract, thereby binding herself to the terms within. Defendant contends that plaintiff has failed to adequately plead that she lacks the requisite capacity to consent to the terms of the Cruise Contract, and in fact, agreed to those terms. *See* Rec. Doc. 6.

Plaintiff opposes this contention by arguing that plaintiff is deaf, mute, and "functionally illiterate." *See* Rec. Doc. 10.

First, as this case involves a maritime contract[1], and arises under the federal admiralty and maritime jurisdiction, the issue of plaintiff's capacity and consent shall be construed pursuant to federal law. Rec. Doc. 1 at ¶ 3("This is a case of admiralty and maritime jurisdiction arising under the General Maritime Laws of the United States.").

Plaintiff notes that the court's ruling in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. Of Texas*, did not address whether state or federal or state law controls in an analysis of contractual capacity. Rec. Doc. 10 at 5. However, in *John W. Stone Oil Distrib., L.L.C. v. Penn Maritime., Inc.*, the Eastern District of Louisiana recently addressed a contractual consent issue in a maritime towage contract. *See John W. Stone Oil Distrib., L.L.C. v. Penn Mar., Inc.*, No. CV 17-4942, 2018 WL 6018804 (E.D. La. Nov. 16, 2018). In *Stone*, the Eastern District of Louisiana noted "'As a general rule, admiralty law applies to all maritime contracts . . .'" *Id*. at *6 (quoting 1 THOMAS J. SCHOENBAUM, ADMIRALTY & MAR. LAW § 5:1 (6th ed. 2018)). Further, when determining whether the parties each assented to the contract,

---

[1] "A passenger ticket for an ocean cruise is a maritime contract governed by general maritime contract law." *Padel v. Carnival Corp.*, No. CIV.A. 97-1936, 1997 WL 732424, at *1 (E.D. La. Nov. 24, 1997)(citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)).

the court looked to the Restatement (Second) of Torts for guidance, not Louisiana based contract law principles. *Id*. at \*7. The Court stated:

> The general maritime law "is the product of the maritime jurisprudence of the federal courts" and "'is an amalgam of traditional common law rules, modifications of those rules, and newly created rules'" that are "'drawn from state and federal sources.'" *Id*. (quoting *E. River Steamship Corp. v. Transam. Delaval, Inc.*, 476 U.S. 858, 864-65 (1986)). Applying federal law in the context of maritime contracts "includes looking to 'principles of general contract law' that can be found in treatises or restatements of the law." *Int'l Marine, L.L.C. v. FDT, L.L.C.*, 619 F. App'x 342, 349 (5th Cir. Aug. 10, 2015) (citing *Univ. of Tex. Sys. v. United States*, 759 F.3d 437, 443 (5th Cir. 2014) (quoting *Franconia Assocs. v. United States*, 536 U.S. 129, 141-42 (2002))).

*Id*. at \*6; *See also Angel v. Royal Caribbean Cruises, Ltd.*, No. 02-20409-CIV, 2002 WL 31553524, at \*4 n.3 (S.D. Fla. Oct. 22, 2002)(noting that a cruise ticket is a maritime contract and governed by federal maritime law); *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 766 (D.C. Cir. 1992). As such, this court will analyze whether plaintiff has stated a claim with reference to the general maritime law, *i.e.* the principles of federal contract law.

### D. Plaintiff Did Not Lack Capacity to Properly Consent to The Terms of the Ticket Contract

Defendants allege that plaintiff's complaint fails to adequately allege plaintiff lacked the requisite capacity to consent to the terms of the Ticket Contract. Rec. Doc. 6-1 at 3.

In her complaint, plaintiff avers that "the venue and arbitration clauses contained within the boarding pass/cruise contract supplied to plaintiff by defendant[s] is (sic) invalid and unenforceable, as plaintiff is deaf, mute, visually impaired and functionally illiterate, and therefore did not have the capacity to consent to the terms of said contract." Rec. Doc. 1 at ¶ 10. Plaintiff does not allege that she failed to enter into the contract, but only that her alleged lack of capacity rendered said contract unenforceable. *Id*. This Court finds that plaintiff's complaint fails to adequately allege that plaintiff lacked the capacity to consent to the terms of the Ticket Contract.

It is a well-known principle that those who sign a written instrument, even without reading its terms, will be bound by the instrument's terms. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003)(citing *Samson Plastic Conduit & Pipe Corp. v. Battenfeld Extrusionstechnik GMBH*, 718 F. Supp. 886, 890 (M.D. Ala. 1989); *St. Petersburg Bank & Trust Co. v. Boutin*, 445 F.2d 1028, 1032 (5th Cir.1971)). The illiteracy, blindness, or inability to understand the foreign language in which the contract is written, does not excuse the signee of an instrument from complying with its terms. *Id*. (citing *Paper Express, Ltd. V. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir. 1992)). Although blindness, inability to read, and the inability to comprehend a foreign language of the signee do not void consent, a meeting of

the minds must still take place regarding the terms of the contract for formation. *Id*. If a signee's ignorance of the terms of a contract are fraudulently induced by the signor, then consent will be vitiated, as there has been no true meeting of the minds. *Id*. (citing *Samson Plastic*, 718 F. Supp. at 890).

In *American Heritage*, the Fifth Circuit considered whether a plaintiff who had a first-grade education, could not read, and could only write his own name, was bound by a "stand-alone" arbitration agreement that he signed in tandem with loans received from the defendant. *American Heritage*, 321 F.3d at 535. The court held that generally a person who signs or accepts a contract is bound by its terms, regardless of their literacy. *Id*. at 538. However, in *American Heritage*, the defendant had knowledge that plaintiff was illiterate, and failed to inform him that he was signing an arbitration agreement. *Id*. Therefore, the court held that defendant's knowledge of plaintiff's illiteracy, and failure to identify and explain the arbitration agreement to an illiterate plaintiff, resulted in an invalidated arbitration agreement. *Id*.

In the present case, plaintiff did not allege that she was induced, duped, or otherwise tricked into entering into the Ticket Contract. Instead, plaintiff attempts to persuade this Court that plaintiff lacked the requisite capacity to contract, and therefore could not have created a valid contract due to her inability to understand its terms. Rec. Doc. 1 at ¶ 10. Plaintiff's complaint

alleges that she is deaf, mute, visually impaired, and functionally illiterate, do not result in a finding that she lacked the requisite capacity to consent to the terms in the Ticket Contract, in the absence of fraudulent inducement by defendants. While plaintiff has lifelong challenges, the fact remains that she has not alleged that she is an incompetent, nor that she was fraudulently induced into accepting the terms of the Ticket Contract upon purchase. A such, plaintiff has failed to allege sufficient facts to state a plausible claim that she lacked capacity to consent to the terms of the Ticket Contract.

**E. Plaintiff's Claims Have Prescribed**

Plaintiff's claims have prescribed in accordance with the terms of the Ticket Contract. Congress has explicitly authorized cruise lines to shorten the time period to bring a personal injury action against said cruise lines. 46 U.S.C. § 30508(b)(2) provides in pertinent part:

> The owner, master, manager, or agent of a vessel transporting passengers or property between ports in the United States, or between a port in the United States and a port in a foreign country, may not limit by regulation, contract, or otherwise the period for . . . bringing a civil action for personal injury or death to *less than one year after the date of the injury or death*.

(emphasis added). The only exception to the aforementioned defendants' rights to contractually limit the time period for

bringing personal injury actions is with respect to minors and incompetents. 46 U.S.C. § 30508(d) provides:

> If a claimant is a minor or mental incompetent . . . any period provided by a contract for giving notice of the claim is tolled until . . . 3 years after the injury or death.

Courts have held that contractually created one-year limitations on the period to bring an action for personal injury are enforceable if "the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990)(citing *Kornberg v. Carnival Cruise Lines*, 741 F. 2d 1332, 1335 (11th Cir. 1984); *Carpenter v. Klosters Rederi A/S*, 604 F. 2d 11, 13 (5th Cir. 1979); Annotation, *Federal View as to Effect of Conditions Appearing on Back or Margin of Passenger's Ticket for Ocean Voyage*, 5 A.L.R. 394 (1970)). The determination of whether the notice to passengers was reasonably adequate is a question of law. *Id*. at 1567 (citing *Shankles v. Costa Armatori*, S.P.A., 722 F.2d 861, 867 (1st Cir. 1983); *Barbachym v. Costa Line*, 713 F.2d 216, 218 (6th Cir. 1983)).

The terms of the contract are binding on plaintiff in this case. Plaintiff is not a minor, nor has plaintiff alleged that she is an incompetent. Plaintiff merely contends that the Ticket Contract's terms are not binding on her due to defendants' alleged failure to "do all [they] reasonably could to warn the passenger

that the terms and conditions [of the Ticket Contract] were important matters of contract affecting his legal rights." Rec. Doc. 10 at 7 (citing *Lieb v. Royal Carribean Cruise Line, Inc.*, 645 F. Supp. 232, 234 (S.D.N.Y 1986)). This Court is not persuaded by plaintiff's assertion.

First, the Ticket Contract states, in bold typeface, on the first page:

> **IMPORTANT NOTICE TO GUESTS THIS DOCUMENT IS A *LEGALLY BINDING CONTRACT* ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**
>
> **NOTICE: THE ATTENTION OF GUEST IS *ESPECIALLY DIRECTED* TO CLAUSES 1, 4, AND 11 THOUGH 14, WHICH CONTAIN *IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS* AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FRUM SELECTION, CHOICE OF LAW, ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**
>
> **IMPORTANT TERMS AND CONDITIONS OF CONTRACT – READ CAREFULLY**

Rec. Doc. 6, Exhibit C (Ticket Contract)(emphasis added). This section of text is located at the very top of the first page of the ticket contract, which was provided to plaintiff by defendants Carnival. *Id*. Second, the language is in all bolded capital letters, larger and more distinct that the remaining portions of the contract. *Id.* The language then "especially direct[s]" plaintiff to "clauses 1, 4, and 11 through 14, which contain important limitations on the rights of guests to assert claims against Carnival Cruise lines . . ." *Id.* The time limitation clause

is located within clause 13(a) of the Ticket Contract and states in pertinent part:

> Suit to recover on any [personal injury] claim shall not be maintainable unless filed within one year after the date of the injury . . .

*Id*. at 13.

Defendants cite *Davis v. Valsamis*, *Inc*., for support that the notice located at the top of the first page of the Ticket Contract provides sufficient notice. In *Davis*, the Eleventh Circuit held that a cruise ticket contract, with the *same verbiage and language as* the instant Ticket Contract, barred plaintiff's claims due to plaintiff's failure to give timely notice of suit to defendants. *See Davis v. Valsamis* 752 Fed. App'x 688 (11th Cir. 2018). The court stated, "[e]ven when strictly construed, the ticket contract unambiguously extends the rights afforded Carnival to Carnival's suppliers . . .and reasonably communicates that fact to passengers." *Id. at* 694.

Defendant has clearly shown that the Ticket Contract contained sufficient language and notice to provide reasonably adequate notice to plaintiff that there was a term limiting the time period in which to bring a claim against defendants. Plaintiff alleges in their complaint that the purported incident took place on April 24, 2016. Rec. Doc. 1 at ¶ 5. Plaintiff filed their complaint against defendants on April 24, 2019, three years after

the date of the accident, and two years after required time period to bring suit. The period in which plaintiff contractually agreed to bring her claim has passed, thus rendering her suit time barred.

Plaintiff has failed to state a claim against defendants Carnival. Plaintiff entered into the Ticket Contract upon her acceptance of the Ticket Contract, whose terms were binding on plaintiff notwithstanding her physical limitations. Although this Court is sympathetic to plaintiff's physical limitations and challenges, plaintiff's complaint, and the controlling law, mandate that this case be dismissed as plaintiff's claims have prescribed. Lastly, it is not necessary to delve into the alternative motion to transfer venue, as this matter warrants dismissal.

New Orleans, Louisiana this 28th day of February, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE